IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID EUGENE WALKER, | § |
| | § |
| Petitioner, | § |
| | § |
| V. | § NO. 4:23-CV-221-O |
| | § |
| WARDEN F.J. GARRIDO, | § |
| | § |
| Respondent. | § |

**OPINION AND ORDER**

David Eugene Walker has filed a petition under 28 U.S.C. § 2241 seeking credit for time in custody. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**.

Petitioner is serving a 100-month sentence imposed on October 8, 2019, in Case No. 6:18-CR-0050-JDK-KNM in the United States District Court for the Eastern District of Texas, for conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. ECF No. 11, App. 021–028, 038. He began service of his federal sentence after his release from state custody on January 16, 2020. *Id.*, App. 007.

Petitioner was arrested on May 6, 2018, in Kaufman County, Texas, for theft of a firearm and possession of a controlled substance. ECF No. 2 at 2; ECF No. 11, App. 007. On May 9, 2018, Petitioner received additional charges in Tarrant County, Texas. ECF No. 11, App. 013. On July 26, 2018, Petitioner was taken into temporary custody of the United States Marshal pursuant to a writ of habeas corpus *ad prosequendum*. ECF No. 2 at 3; ECF No. 11, App. 018. The Kaufman County charges were dismissed, but the Tarrant County charges were still pending. ECF No. 11,

App. 010–013. On October 8, 2019, Petitioner's federal sentence was imposed and he was remanded to custody of the United States Marshal. *Id.*, App. 022. On October 11, 2019, Petitioner was returned to state custody with the federal judgment lodged as a detainer. *Id.*, App. 018–19. On December 11, 2019, Petitioner was sentenced to a term of two years' imprisonment under Case No. 150834D in the 372nd District Court, Tarrant County, Texas, for possession of a controlled substance. *Id.*, App. 030–32. Petitioner was awarded 694 days' jail time credit toward his sentence.[1] *Id.*, App. 030. On January 16, 2020, Petitioner satisfied his state sentence and was released to the custody of the United States Marshal to begin serving his federal sentence. *Id.*, App. 035, App. 039. He was not granted any jail time credit against his federal sentence for time spent in state custody.

Petitioner contends that he is entitled to receive credit for 491 days for the May 6, 2018, to October 8, 2019, period, because that time cannot be applied to the dismissed Kaufman County charges. ECF No. 2 at 3. He alleges that the government has conceded that he is entitled to the credit. *Id.* His argument is based on a response filed by the government to a letter Petitioner sent to the sentencing judge in the Eastern District of Texas. *Id.*, Ex. A at 2 ("According to the Government, the related state charges were dismissed, and to the Government's knowledge, [Petitioner's] time in state custody has not been credited against any other sentence.").

As Petitioner acknowledges, federal sentence computation is the responsibility of the Attorney General through the Federal Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) ("Only the Attorney General,

---

[1] It appears that Petitioner should have received 584 days' credit if time was calculated from his May 6, 2018 arrest date.

through the BOP, may compute a prisoner's credits."). "Title 18 U.S.C. § 3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." *Reno v. Koray*, 515 U.S. 50, 55 (1995).

A federal sentence begins to run on the date "that the defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which sentence is to be served." 18 U.S.C. § 3585(a). The defendant is to be given credit toward his term of federal imprisonment for time spent in official detention prior to commencement of his federal sentence "that has not been credited against another sentence." *Id.* § 3585(b). Where time spent in custody is credited to another sentence, the BOP is not required to credit that time toward a federal sentence. *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003). Here, the record reflects that Petitioner received credit against the Tarrant County sentence for all the time he was incarcerated prior to being taken into custody to serve his federal sentence.[2] ECF No. 2, Ex. E; ECF No. 11, App. 004, 030–32.

The petition is **DENIED**.

**SO ORDERED** this **1st day** of **June, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2] The government's representation in its response to the Eastern District letter was mistaken.